IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYRONE EUGENE YATES,**

  **Petitioner,**

v.              **Civil Action No. 3:15cv90**
                 **Criminal Action No. 3:06cr20**
                 **(Groh)**

**UNITED STATES OF AMERICA,**

  **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 27, 2015, Tyrone Eugene Yates ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No 3:15cv90, ECF No. 1; Criminal Action No. 3:06cr20, ECF No. 135).[1] The undersigned now issues this Report and Recommendation on Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

### II. FACTS

*A. Conviction and Sentence*

On November 7, 2006, Petitioner signed a plea agreement, agreeing to plead guilty to Count Four of a four-count superceding indictment, possession with intent to distribute two ounces of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). ECF. No. 31. The maximum penalty for the offense being pleaded to was specified as not less than five years nor more

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

than forty years imprisonment, a $2,000,000.00 fine and at least four years of supervised release. Id. The parties stipulated and agreed that the total drug relevant conduct of Petitioner was 99.80 grams of cocaine base, also known as "crack." Id. ¶9, p. 3. In the plea agreement, Petitioner waived his right to appeal and to collaterally attack his sentence. Id., pp. 3-4.

On November 13, 2006, Petitioner entered his plea in open court. ECF No. 75. On February 26, 2007, Petitioner appeared before the court for sentencing. After hearing argument from counsel on Petitioner's objection to his prior conviction for escape being considered a crime of violence in determining his career offender status under the Guidelines, the Court overruled the objection. The Court found that Petitioner's prior conviction fo escape was a crime of violence under Guideline 4B1.1 and 4B1.2; there were no grounds for variance; and Petitioner was a drug crime recidivist and a danger to the community. Id., pp. 31-32. Despite these findings, the Court sentenced Petitioner to 188 months, the lowest end of the Guidelines, to be followed by a statutory four-year period of supervised release. Id. at 33-34.

**B.      Direct Appeal**

On July 17, 2008,[2] Petitioner filed a Notice of Appeal. ECF. No. 68. Appellate counsel filed an Anders[3] brief on his behalf, stating that there were no meritorious issues for appeal. Petitioner filed a *pro se* supplemental brief challenging his career offender classification. The Government filed a motion to dismiss based on the waiver of appellate rights in Petitioner's plea agreement. Petitioner opposed the motion, asserting that because he did not know that he could be sentenced

---

[2]Although Petitioner's original judgment was entered on April 10, 2007, an amended judgment was entered on July 8, 2008, pursuant to the claim made in his first § 2255 motion, that counsel failed to file a notice of appeal after being specifically directed to do so. Petitioner filed his notice of appeal nine days after the amended judgment was entered.

[3]Anders v. California, 386 U.S. 738 (1967).

2

as a career offender, his plea was not knowing or voluntary. Further, he argued that counsel was ineffective for:

(a) not arguing the invalidity of his sentence; and

(B) not securing an exception to his appellate waiver to permit him to challenge his career offender classification on appeal.

On May 4, 2009, the judgment of the District Court was dismissed in part and affirmed in part by the Fourth Circuit in an unpublished *per curiam* opinion. ECF. No. 77. Specifically, the Fourth Circuit found that while Petitioner did knowingly and voluntarily waive his right to appeal his sentence, his assertions that his plea was involuntary and that he had been denied effective assistance of counsel constituted exceptions to the waiver, because those issues either could not be waived by appellate waiver or presented "colorable" constitutional challenges. Further, it held, Petitioner's appellate waiver did not preclude a direct appeal of his conviction. Accordingly, although it denied the Government's motion to dismiss as to any claims not foreclosed by the waiver, it noted that while it had jurisdiction to consider the excepted claims, it nonetheless found that none warranted vacatur. The Court's Mandate was issued on May 26, 2009. ECF No. 79-1. Petitioner's August 4, 2009 petition for wit of *certiorari* with the United States Supreme Court was denied on October 14, 2009. 4th Cir. Dkt. #38 (08- 0437).

C. **First Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on February 8, 2008 [ECF No. 46], raising several issues, *inter alia*, Count One, an allegation that counsel was ineffective for failing to file a notice of appeal after he had specifically requested that he do so. The Government was directed to respond and an

3

evidentiary hearing was scheduled. Thereafter, on May 9, 2008, counsel for Respondent filed an unopposed Consent Motion for Entry of Amended Judgment and Commitment Order, containing a representation that the Government did not oppose an Amended Judgment and Commitment Order being entered. ECF No. 59. Accordingly, instead of an evidentiary hearing, on May 16, 2008, a Report and Recommendation was entered, recommending that an Amended Judgment and Commitment Order be entered. ECF. No. 60. An Order adopting the R&R was entered on May 29, 2008, denying the § 2255 motion as moot, and granting the Consent Motion. ECF. No. 63. The Amended Judgment was entered on July 8, 2008 [ECF No. 66], and Petitioner's appeal proceeded thereafter.

### D. *Second Federal Habeas Corpus*

Petitioner filed a numerically second Motion to Vacate, set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on March 9, 2010 [ECF No. 80], asserting only one ground of ineffective assistance ("IAC") against appellate counsel for not arguing the fact that he should not have been sentenced as a career offender, based in part on his prior conviction for prison escape, in light of the then-pending case of <u>Chambers v. United States</u>, 555 U.S. 122, 129 (2009)( holding that a prior conviction for failing to report for weekend confinement under state law is not an "escape from a penal institution" qualifying for federal sentencing purposes as a "violent felony" under the Armed Career Criminal Act provision (18 U.S.C. § 924(e)(1)).

On May 3, 2011, Magistrate Judge Kaull entered a Report and Recommendation, recommending that Petitioner's § 2255 motion be denied and dismissed from the docket because the only claim that Petitioner raised was procedurally barred because it was already decided on direct appeal. ECF. No. 91. On October 18, 2011, the District Court adopted the Report and

Recommendation and denied Petitioner's § 2255 motion. ECF No. 95. Thereafter, petitioner filed an appeal. On June 5, 2012, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed the appeal. ECF. No. 127.

*E. Third Federal Habeas Corpus*

In this numerically third Motion to Vacate Under 28 U.S.C. § 2255, Petitioner alleges that his sentence was imposed in violation of the constitution and laws of the United States. More specifically, Petitioner alleges that pursuant to the decision in Johnson v. United States[4], his career offender status is no longer valid under the residual clause. Petitioner maintains that the decision in Johnson demonstrates that his prior walkaway escape from an "out of custody" prison camp did not present a serious potential risk of injury to another, and said conviction no longer qualified as a predicate offense for the purposes of the ACCA.

### III. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-

---

[4] 135 S.Ct. 2551 (2015).

80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that Petitioner's numerically second habeas petition was dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:15cv9, ECF No. 1; Criminal Action No. 3:06cr20, ECF No. 135] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 6, 2015.

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE