**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TYRONE EUGENE YATES,**

    Petitioner,

v.                                   **CRIMINAL ACTION NO.: 3:06-CR-20
CIVIL ACTION NO.: 3:16-CV-98
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER STAYING CASE

Currently pending before the Court is the Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 145][1] and the United States' Motion to Stay [ECF No. 150]. In his petition, the Petitioner moves the Court, pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015),[2] and other recent court decisions,[3] to vacate his February 26, 2007 sentence[4] imposed by this Court.

---

[1] All citations to docket numbers reference entries in the above-styled criminal matter.

[2] In Johnson, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), void as unconstitutionally vague. 135 S. Ct. at 2557. Under the ACCA, a defendant's sentence may be increased if he has three or more previous convictions for serious drug offenses or violent felonies, or both. The residual clause of the ACCA deems the term "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[3] Other related court decisions include Welch v. United States, 136 S. Ct. 1257, 1265 (2016) (holding that the Johnson decision applies retroactively) and In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016) (opining that Johnson "might" apply to career offender enhancements under the United States Sentencing Guidelines). But see United States v. Coulter, No. 14-4271, 2016 WL 3595706, at *1 n.* (4th Cir. July 5, 2016) (unpublished per curiam) (clarifying that the Fourth Circuit "has not yet determined whether the holding in Johnson similarly invalidates the residual clause in USSG § 4B1.2(a)(2)").

[4] The Court notes that an amended judgment was entered on July 8, 2008 [ECF No. 66], based upon a consent motion filed by the parties [ECF No. 59]. The purpose of the amended judgment was to reinstate

On November 13, 2006, the Petitioner entered a plea of guilty to Count Four of the underlying superseding criminal indictment, charging possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 32. On February 26, 2007, upon accepting his plea of guilty, this Court sentenced the Petitioner to 188 months of imprisonment to be followed by four years of supervised release. ECF No. 37. The Petitioner's term of imprisonment was based in part upon his classification as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1.

Prior to a recent amendment, which took effect on August 1, 2016, USSG § 4B1.2(a)(2) contained a residual clause identical to the one found in the ACCA.[5] The Petitioner argues that one of his predicate convictions,[6] resulting in his USSG § 4B1.1 career offender enhancement, was deemed a crime of violence only because of reliance on this residual clause. Therefore, the Petitioner avers that he lacks the two necessary predicate offenses for career offender enhancement under the Guidelines and requests that his February 26, 2007 sentence be vacated.

The Fourth Circuit has not yet determined whether Johnson applies retroactively to cases challenging sentences enhanced under the residual clause previously found in USSG § 4B1.2(a)(2). However, the United States Supreme Court recently granted certiorari on this issue. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015),

---

the ten-day window within which the Petitioner could file a notice of appeal. The amended judgment imposes the same sentence as the original judgment.

[5] Prior to August 1, 2016, the residual clause of USSG § 4B1.2(a)(2) defined a "crime of violence" to include any offense that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2015).

[6] The Petitioner argues that his July 13, 1999 Pennsylvania conviction for escape from custody is an impermissible predicate offense for USSG § 4B1.1 career offender enhancement purposes.

cert. granted, 136 S. Ct. 2510 (June 27, 2016). The Supreme Court's decision in Beckles may very well determine the viability of the Petitioner's § 2255 petition in this case. Accordingly, upon review, the Court **ORDERS** that the Government's Motion to Stay [ECF No. 150] is **GRANTED**. The Court **ORDERS** this matter **STAYED** pending the Supreme Court's decision in Beckles.

The United States is **DIRECTED**, upon the rendering of a decision in Beckles, to file a motion seeking to lift the stay in this case.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** November 3, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE