**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TYRONE EUGENE YATES,**

    Petitioner,

v.                                          **CRIMINAL ACTION NO.: 3:06-CR-20
CIVIL ACTION NO.: 3:16-CV-98
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER LIFTING STAY AND DISMISSING 28 U.S.C. § 2255 PETITION

Currently before the Court is the Government's Motion to Lift the Stay and Dismiss the § 2255 Petition [ECF No. 159].[1] On November 3, 2016, this Court ordered the matter stayed pending the Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016). On March 6, 2017, the Supreme Court issued its opinion, finding the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), inapplicable to the residual clause in § 4B1.2(a) of the United States Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Based upon the decision in Beckles, the Petitioner's 28 U.S.C. § 2255 petition must be dismissed.

On November 13, 2006, the Petitioner entered a plea of guilty to Count Four of the underlying superseding criminal indictment, charging possession with intent to distribute

---

[1] Unless otherwise indicated, all citations to docket numbers reference entries in the above-styled criminal matter.

cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 32. Thereafter, on February 26, 2007, the Court sentenced the Petitioner to 188 months of imprisonment to be followed by four years of supervised release.[2] ECF No. 37. In calculating the Petitioner's sentence, the Court took into consideration his criminal history, which includes a felony conviction for escape from custody in the state of Pennsylvania. The Petitioner's conviction for escape from custody was considered a felony "crime of violence" for the purpose of career offender enhancement under the Guidelines.

In his currently-pending § 2255 petition, the Petitioner argues that his conviction for escape from custody is no longer a crime of violence under § 4B1.2(a), and therefore he is entitled to resentencing. However, because the Supreme Court in Beckles refused to extend Johnson relief to sentencing enhancements under the Guidelines, the Petitioner does not receive the benefit of the new one-year limitations period established by 28 U.S.C. § 2255(f)(3).[3]

Judgment was originally entered against the Petitioner on February 26, 2007. ECF No. 37. An amended judgment, denoting the identical sentence, was entered on July 3, 2008. ECF No. 66. The Petitioner filed a notice of appeal on July 17, 2008, and, after consideration, the Fourth Circuit affirmed his conviction. ECF No. 77. The Petitioner then filed a petition for writ of certiorari with the Supreme Court, which was denied on October

---

[2] The Court notes that an amended judgment was entered on July 3, 2008 [ECF No. 66], based upon a consent motion filed by the parties [ECF No. 59]. The purpose of the amended judgment was to reinstate the ten-day window within which the Petitioner could file a notice of appeal. The amended judgment imposes the same sentence as the original judgment.

[3] Section 2255(f) establishes a one-year limitation period within which to file § 2255 petitions. However, via subsection (f)(3), an inmate may restart this one-year limitation period if he can demonstrate that he is entitled to relief pursuant to a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

2

5, 2009. Supreme Court Remark, United States v. Tyrone Yates, No. 08-4737 (4th Cir. Oct. 14, 2009), ECF No. 38. The Petitioner had one year from the Supreme Court's denial of certiorari to file his § 2255 petition.[4] Because the instant petition was filed on June 24, 2016—more than five years and eight months past the deadline prescribed by § 2255(f)—it is procedurally barred as untimely.

Upon consideration, the Court **ORDERS** that the Government's Motion to Lift the Stay and Dismiss the § 2255 Petition [ECF No. 159 in 3:06-CR-20] be **GRANTED**. The Petitioner's 28 U.S.C. § 2255 petition [ECF No. 145 in 3:06-CR-20; ECF No. 1 in 3:16-CV-98] is **DISMISSED** as untimely. The Government's Motion to Dismiss [ECF No. 152 in 3:06-CR-20] is **DENIED AS MOOT**. Because the Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right," the Court **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to strike the above-styled matters from the Court's active docket, enter a separate judgment order in favor of the Respondent and transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** April 11, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] A judgment is considered "final" under § 2255(f)(1) when the time expires for filing a petition for certiorari, certiorari is denied or the Supreme Court affirms the appellate court. See Clay v. United States, 537 U.S. 522, 527 (2003).